REQUESTED BY: Senator Maurice A. Kremer State Capitol Lincoln, NE 68509
Dear Senator Kremer:
We are responding to your letter requesting an opinion on the constitutionality of LB 252. We have reviewed this proposal and the amendments adopted thereto effective May 8, 1981. You question whether the act may violate the equal protection clause or the due process clause of theFourteenth Amendment.
A questionable portion of this act appears to be in section 6 wherein the Legislature:
 recognizes . . . that the transfer of water to outside the boundaries of a river basin may have impacts on the water and other resources in the basin and that such impacts differ from those caused by uses of water within the same basin in part because any unused water will not be returned to the stream from which it is taken for further use in that river basin. . . .
and delineates seven factors which must be considered by the Director of Water Resources when evaluating an application for transfer of water from one river basin to another. The act would specifically provide: `The application shall be denied if the benefits to the state from granting the application do not outweigh the benefits to the state from denying the application.
You assert that this language as well as others contained in the act has the effect of creating two classifications of water appropriators (those inside the water basin of origin, and those outside). It then treats these classes differently by specifically providing the considerations to be used in deciding upon an application for interbasin transfer and requiring that such an application be denied if its benefits do not exceed those for leaving the water in the basin of origin.
We first examine whether the bill violates equal protection of the law. In so doing, we review the bill in light of its legislative purpose to provide an equitable system for the use and appropriation of the state's water for all its citizens.
The United States Supreme Court has recognized that absent a legislative classification which `interferes with the exercise of a fundamental right or operates to peculiar disadvantage of a suspect class,' equal protection analysis is an inquiry which `employs a relatively relaxed standard reflecting the court's awareness that the drawing of the lines that create distinction is peculiarly a legislative task' which action is `presumed to be valid.' Massachusetts Boardof Retirement v. Murgia, 427 U.S. 307, 313-314,49 L.Ed.2d 520, 96 S.Ct. 2562 (1976). This standard is that `the state's classification rationally further the purpose identified by the state.' Id. at 314. Perfection in drawing the classification is not necessary.
We perceive no suspect class affected nor an exercise of fundamental property right affected. See MassachusettsBoard of Retirement v. Murgia, supra, at footnote 3 and 4. Although the right to appropriate surface water is affected, the water belongs to the people of the state and may be appropriated only so long as it is in the public interest. (Nebraska Constitution, Article XV, Section 6). This right to appropriate surface waters is subject to the conditions placed by the people acting through its legislature and executive agencies created thereby. Neb.Rev.Stat. § 46-233, et seq. (Reissue 1978).
Our Nebraska Supreme Court has recognized that the Legislature may classify where reasonable where it is not done in an arbitrary manner. State ex rel. Douglas v. Marsh,207 Neb. 598, 608, 300 N.W.2d 181 (1980). Citing a case ofCity of Scottsbluff v. Tiemann, 185 Neb. 256,175 N.W.2d 74 (1970), it stated:
 "It is competent for the Legislature to classify objects of legislation and if the classification is reasonable and not arbitrary, it is a legitimate exercise of legislative power. Citation omitted The classification must rest upon real differences in situation and circumstances surrounding members of the class relative to the subject of the legislation which renders appropriate its enactment. Citations omitted The power of classification rests with the Legislature and cannot be interfered with by the courts unless it is clearly apparent that the Legislature has by artificial and baseless classification attempted to evade and violate provisions of the Constitution prohibiting local and specific legislation. Citation omitted. . . The question is always whether the things or persons classified by the act form by themselves a proper and legitimate class with reference to the purpose of the act."
Id. at 608-609.
However, these classifications appear to be real, based on distinctions with substantial differences. Water within any basin is subjected to multiple repeated uses upon its journey through the state. Thus, when water is taken out of a basin by transfer to another basin, its impact is felt many times over. Some of these uses and some of these impacts may not now, nor at the time of the decision, be recognized. For this reason, different treatment for water users of a subject basin inside and outside of that basin may be justified.
It is our conclusion, that there is a reasonable distinction between in-basin and out of basin users and that the proposal bears a reasonable relationship to the legitimate state objectives. We perceive no violation of requirements for equal protection of the law.
We next examine whether this bill is a deprivation of property without due process of law.
As a general rule, the requirements of due process contained in the Fourteenth Amendment of the United States Constitution necessitates some kind of prior hearing with notice before the termination of property rights. Board ofRegents v. Roth, 408 U.S. 564, 569-579, 33 L.Ed.2d 548,92 S.Ct. 2701 (1972). Property interests protected by the due process `extend well beyond actual ownership of real estate, chattels or money.' Id. at 572. To have property interests protected by this clause, a person must show `more than a mere abstract need or desire for it . . . more than a unilateral expectation for it.' Id. at 577. The property must be more than a mere expectation. Perry v. Sindermann,408 U.S. 593, 603, 33 L.Ed.2d 570, 92 S.Ct. 2694 (1972). It must be a claim `upon which people rely in their daily lives . . . reliance that must not be arbitrarily undermined.' Boardof Regents v. Roth, supra, at 577. Property interests are not defined by the United States Constitution but by independent sources such as state law. Id.
The Nebraska Constitution provides that the ownership of water belongs to the people, but further provides for regulation by the Legislature. (Nebraska Constitution, ArticleXV, Section 5 and 6). The Legislature provides for regulation and determination of the public interest by the Department of Water Resources. (Neb.Rev.Stat. § 46-233 et seq. (Reissue 1978)). Although a person may acquire a permit to appropriate surface water, he has no ownership right in that surface water. We do not perceive that a person without a permit has any protected property interest in the right to appropriate water from another river basin. Our conclusion in this regard is supported by the recent Supreme Court decision in State ex rel. Sporhase, No. 43206, filed May 8, 1981, which held that a statute preventing a person from transferring groundwater on his own lands out of the state did not violate the due process clause of theFourteenth Amendment for the reason that the person had `no private property right in the water itself.' (Slip Opinion at 9). Our decision is further buttressed by the opportunity for hearing, notice and appeal of any decision of the Director upon application for diversion of water. We therefore see no violation of the due process clause of the Fourteenth Amendment by LB 252.
It is our conclusion that LB 252 would violate neither the equal protection clause nor the due process clause of the Fourteenth Amendment. It would be a valid enactment.
Very truly yours, PAUL L. DOUGLAS Attorney General G. Roderic Anderson Assistant Attorney General